IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEXAS CARPENTERS AND MILLWRIGHTS HEALTH AND WELFARE FUND, §§§§§§§ Plaintiff § VS. § AFTER THE STORM LLC §§§§ Defendant | CIVIL ACTION NO. |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund, hereinafter referred to as "Plaintiff," or "Trust Fund," complain of and against After the Storm LLC hereinafter referred to as "Defendant," and for cause of action would respectfully show unto the Court as follows:

### NATURE OF THE ACTION

1.      This is a cause of action for the collection of certain principal sums, interest and fees, by Trustees of employee welfare benefit plan and employee pension benefit plans to secure performance by an employer for specific statutory and contractual obligations to submit contribution reports and to pay delinquent employer contribution payments, interest and fees thereon. This Complaint alleges that by failing, refusing or neglecting to submit employer contributions as required under the respective Agreement and Declaration of Trust of Plaintiff's Trust in order to confirm accurate and timely payment and reporting of employer contributions, plus interest and liquidated damages thereon to the Plaintiff's Fund, Defendant violated a

1

Collective Bargaining Agreement, the Fund's Participation and Trust Agreement, and the Employee Retirement Income Security Act of 1974, as amended.  Plaintiff, Board of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund, also requests a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to require Defendant forthwith to submit to a payroll audit and based upon the results of that audit, remit all delinquent employer contribution reports and pay all delinquent employer contributions to Plaintiff's employee welfare benefit plan, plus interest, liquidated damages, attorneys' fees and costs of court in order to prevent irreparable harm to the Fund and Defendant's employees and their beneficiaries and dependents under the terms of a Collective Bargaining Agreement as contemplated by Section 301 (29 U.S.C. Section 185) of the Labor Management Relations Act (29 U.S.C. Section 141, *et seq*.), hereinafter called the "LMRA."

## JURISDICTION

2. Jurisdiction lies in this Court by the express terms of Section 301(a), LMRA as against an employer engaged in an industry affecting commerce and pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA) [29 U.S.C. Sections 1132 and 1145], as amended, and by the Multiemployer Pension Plan Amendments Act of 1980, 94 Stat. 1208, [29 U.S.C. Sections 1132, 1145 and 1451].  Jurisdiction is further conferred upon this Court pursuant to 28 U.S.C. Section 1331 based upon a federal question.  Jurisdiction is further conferred on this Court under 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce.  Defendant has availed itself upon the jurisdiction of this Court by working and doing business within the jurisdiction of this Court and the jurisdiction of Plaintiff's Collective Bargaining Agreement with Defendant.

## VENUE

3. Venue properly lies within the Southern District of Texas, Houston Division, pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)]. Service of process may be made on Defendant in any other district in which it may be found pursuant to ERISA Section 502(e)(2), [29 U.S.C. Section 1132(e)(2)].

## PARTIES

4. **Plaintiff, Board of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund**, ("Welfare Fund") is the Administrator of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Texas Carpenters and Millwrights Health and Welfare Fund is authorized to maintain a law suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d) (1)]. The purpose of the Texas Carpenters and Millwrights Health and Welfare Fund is to provide health and welfare benefits to eligible participants and their dependents on whose behalf employers contribute under the Collective Bargaining Agreement with the Carpenters and Millwrights Local Unions in the vicinity. The Texas Carpenters and Millwrights Health and Welfare Fund maintains its office and is administered at Zenith American Solutions, 1300 South Meridian, Suite 125, Oklahoma City, Oklahoma 73108.

5. **Defendant, After the Storm LLC**, is Texas limited liability company residing and doing business in Houston, Harris County, Texas and doing business within the jurisdiction of Plaintiff's Fund. After the Storm LLC is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act and may be

reached for service of process by serving its Registered Agent, Mike Shoyket, 14607 W. Rutledge, Houston, Texas 77084.

## FACTS

6.  Defendant executed and delivered to the United Brotherhood of Carpenters Local Union 551 a written collective bargaining agreement dated September 28, 2017. The collective bargaining agreement provides, *inter alia* for wages, benefits and working conditions. The collective bargaining agreement set forth the obligations of Defendant to comply with the established Plaintiff's Trust Fund wherein Defendant promised to comply with the terms and conditions as set forth therein. The negotiated contract between the Plaintiff's Trust Fund and Defendant provides for certain monetary contributions being paid into the Plaintiff's Trust Fund and is more specifically set forth in the respective Declarations of Trust and all amendments thereto.

7.  The Trust Fund named herein is an express trust created under Agreements between the Central South Carpenters Regional Council, as Union, and the North Texas Contractors Association and Houston Chapter, Associated General Contractors of America, together with various employers and employer associations in the carpentry and millwright industry as employer. The trust was created and now exists subject to the provisions of Section 302, LMRA (29 U.S.C. Section 186).

8.  The Trust Fund Agreement provides for an audit to be made of the payroll and wage records of an employer in connection with the contributions and reports that are to be made by the employer, at the discretion of the Trustees at any reasonable time.

By this agreement, Defendant promised that in the event any of the monthly contributions were not paid when due, or based upon a random sampling of contributing employers, Defendant

would pay Plaintiff on account of each delinquency a sum designated as liquidated damages, and not as a penalty.

9. That by the terms of the Trust Agreement for Plaintiff Trust Fund and the Collective Bargaining Agreement heretofore mentioned, Defendant became obligated to make payments on the employees covered by the Collective Bargaining Agreement in effect in the area in which it was operating or working by virtue of the agreement. That Defendant agreed to deposit health benefit contributions each month, or at such regular intervals as may be determined by the Trustees of the Fund to the depository designated by the Trustees.

## FIRST COUNT

## ERISA VIOLATIONS AND BREACH OF CONTRACT

10. That Defendant breached its agreement with Plaintiff by failing to make requisite payments of monthly employer contributions to Plaintiff's Trust Fund, such breach believing to have occurred beginning on or about November 16, 2016.

11. Plaintiff would further show that several demands have been made upon Defendant to pay the delinquent employer contributions under to the agreement above-referred to, but the Defendant has wholly failed to make such payment and are additionally liable for continued delinquent employer contributions plus liquidated damages, interest and attorney's fees, as hereinafter alleged.

12. In order to confirm the accuracy of certain payments made and to account for those employer contributions not remitted to Plaintiff's Trust Fund, a payroll audit of Defendant's books and records is necessary, which could result in Defendant's liability for a deficiency in the payment of employer contributions plus liquidated damages, interest and attorney's fees, as hereinafter alleged.

13. That under the agreement as referred to herein above and 29 U.S.C. Section 1132, Plaintiff is additionally entitled to interest at the rate not to exceed twenty percent (20%) per annum of the principal deficient amount from the date the monies were due Plaintiff and liquidated damages in the amount not to exceed twenty percent (20%) of the aggregate of principal and accrued interest upon the date of payment to Plaintiff.

14. Plaintiff is authorized to collect, on behalf of the Local Union sponsoring Plaintiff's employee benefit plan, working assessments and supplemental dues.  These monetary amounts have been contracted for by and between Defendant and the Local Unions of the Central South Carpenters Regional Council and have accordingly been deducted from the employees' wages to be paid directly to the administrative manager of Plaintiff's Fund for distribution to the Local Union.  Defendant failed to submit employer contributions and reports of working assessments and supplemental dues for the period October 13, 2017 through the present.

## SECOND COUNT

## CLAIM FOR INJUNCTIVE RELIEF

15. By failing, neglecting or refusing to submit required contributions and reports to Plaintiff, Defendant violated Section 515 of ERISA [29 U.S.C. Section 1145] as well as the Trust Fund's Participation Agreement and Trust Agreement, which are enforceable under Section 502(a)(3) of ERISA [29 U.S.C. Section 1132(a)(3)].

16. Plaintiff may be owed additional sums and cannot state with particularity the total amount of contributions due from the date of this Complaint going forward since Defendant failed to submit employer contributions on a timely and accurate basis and Plaintiff will be forced to project those employer contributions based upon sound accounting practices and general fiscal

forecasting.  Plaintiff Trust Fund relies on payroll audits to verify that employer contributions are accurate and adequate for providing benefits to Defendant's employees and dependents.

17. The Welfare Fund depends on receipt of current employer contributions and investment income thereon to meet its premium obligations under the Plan.  The Welfare Fund expected and relied on receipt of contributions from the Defendant in undertaking financial commitments, including the obligation to pay benefits to Defendant's employees and their dependents and other Plan participants and dependents not working for the Defendant but working for other employers within the Plan.  The loss of this expected income has caused the Welfare Fund irreparable harm in that it has used up reserves, foregone investment income, and otherwise suffered financial distress.

18. The Board of Trustees has been reluctant to cut off the benefits to Defendant's innocent employees who are Plan participants and their dependents, in consideration of the distress such action would cause them and their families, and of the promises of imminent payment by Defendant.  However, the Welfare Fund can no longer afford to continue providing benefit coverage to Defendant's employees and dependents without receipt of all due contributions and the Board of Trustees will be compelled to terminate benefits if the Court does not grant preliminary relief.

19. Defendant's actions have caused irreparable harm to its employees and their dependents in that, if the Board of Trustees is compelled to expel Defendant from participation in the Welfare Fund and/or withholds eligibility and benefits to Defendant's employees and their dependents, irreparable harm will result in that the employees and their dependents will immediately lose their benefits under the Welfare Fund.

20. There exists no prompt or adequate remedy at law to redress the violation of ERISA as set forth herein above.

21. It has been necessary for Plaintiff to engage the law firm of Conner & Winters, LLP, for the purpose of enforcing the employer contribution requirements of the Plaintiff's Trust and ultimately for recovering the employer contributions and damages required by the above-referenced agreement and seeking injunctive relief and Plaintiff is entitled to actual attorney's fees in connection therewith.  In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages and costs of court and, in accord with the law, Plaintiff seeks and demands payment thereof.

22. Plaintiff has performed all conditions precedent on its part to be performed under the terms of the aforementioned agreement.

23. A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited, in terms of law, to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendant, as follows:

   a. Plaintiff shall be entitled to full access of Defendant's payroll records for purposes of completing a payroll audit for the period October 13, 2017 through the date of the audit.

   b. That upon completion of the payroll audit of Defendant's payroll records, Plaintiff shall be entitled, to the full amount due and owing the Texas Carpenters and Millwrights Health and Welfare Fund;

c.  That Plaintiff be awarded unpaid supplemental dues and working assessments on behalf of the agencies for which they are empowered to collect these sums;

d.  That Plaintiff be awarded accrued pre-judgment interest on all contributions at the rate of one and one-half percent (1½%) per month in accordance with ERISA Section 502(g)(2) and contract;

e.  That Plaintiff be awarded liquidated damages on all employer contributions now due and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the Trust Agreement, in an amount not to exceed 20% of the contributions due;

f.  That a preliminary injunction be ordered against Defendant requiring submission of all employer contributions and delinquent employer contributions now due to the Texas Carpenters and Millwrights Health and Welfare Fund;

g.  That an Order permanently enjoining Defendant and its agents, directors, officers, successors and assigns, for so long as it remains obligated to contribute to Plaintiff Texas Carpenters and Millwrights Health and Welfare Fund from failing, refusing or neglecting to submit monthly employer contribution payments and monthly reports in a timely manner;

h.  That Plaintiff be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

i.  That Plaintiff be awarded all costs of Court incurred herein; and

j.  That Plaintiff be awarded such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Douglas M. Selwyn
Douglas M. Selwyn
S.D. TX No. 507
State Bar No. 18022250
dselwyn@cwlaw.com
Ashley L. Selwyn
S.D. TX No. 2276925
State Bar No. 24088390
aselwyn@cwlaw.com
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851

OF COUNSEL:

CONNER & WINTERS, LLP             ATTORNEYS IN CHARGE FOR PLAINTIFF
808 Travis Street, 23rd Floor
Houston, Texas 77002